SMITH v. IOWA CITY LOAN AND BUILDING ASSOCIATION.

1. **Mechanic's Lien:** CONTRACT TO SUSTAIN: TENDER. Plaintiff agreed to erect a house on a lot owned by defendant, for the sum of $1,000— $875 to be paid by defendant, and $125 by one B., for whom the house was intended and to whom the peremises were to be conveyed by defendant. Plaintiff erected the house, but B. refused to pay the $125 on his part. Defendant tendered the $875 on its part, which seems to have been refused, and plaintiff brought this action to establish a mechanic's lien and an equitable lien upon the premises. Defendant pleaded a tender of $875, and judgment was rendered against plaintiff for costs. *Held* that, under the contract, defendant was liable for $875 only, and that there was nothing outside of the contract to invoke the aid of equity, and that the judgment should be affirmed.

### Appeal from Johnson District Court.

### SATURDAY, DECEMBER 9.

ACTION IN EQUITY. The defendant pleaded a tender and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*Robinson & Patterson* and *J. A. Edwards*, for appellant.

*Samuel H. Fairall*, for appellee.

SEEVERS, CH. J.—There are two counts in the petition. The relief asked in the first is the establishment of a mechanic's lien, and in the second, that an equitable lien be established, on certain real estate owned by the defendant. The facts being, as we find, that the defendant was the owner of a lot in Iowa city which it agreed in parol to sell to one Brant, upon the conditions that a house and other improvements were erected thereon, and the same paid for, in a specified manner.

The value of the improvements was not to exceed one thousand dollars, of which sum the defendant agreed to pay $875, and Brant $125. The latter agreed to pay the defendant a named sum in a specified time for the lot and improve-

ments. The specifications for the improvements were agreed upon, and the plaintiff made the following proposition to erect the building and other improvements, which was accepted:

"Iowa City, Iowa, October 18, 1880.

" *To the Iowa City Building Association:*

" I will contract to build a house for David Brant as per his plan and specification drawn by me, also put in a cistern and chain pump, a privy and privy-vault as per his specifications, for the sum of one thousand dollars ($1,000), he, Brant, assuming to pay one hundred and twenty-five of it, leaving $875 for the Association to contract for. Will drive said building from the word go, provided I get it."

The building and improvements were constructed by the plaintiff in accordance with the foregoing contract. The defendant paid and tendered the plaintiff all it agreed to pay, but Brant failed to pay the $125, and failed to comply with his contract with the defendant.

The defendant took possession of the house and improvements, and it fairly appears that Brant does not intend to perform on his part. We are satisfied from the evidence that the plaintiff agreed to look to Brant for $125, and that the defendant would not have entered into either contract if Brant had not so agreed, and the plaintiff had not accepted him as his debtor to that extent.

It is said Brant never agreed to pay, and plaintiff did not agree to look to him for any amount. That it was " all talk, a mere oral promise at most to pay the debt of a third party." But the plaintiff made his proposition on the basis that Brant had assumed to pay; the defendant accepted the proposition, and it thereby became a contract. On the basis that the assumption was satisfactory to the plaintiff, it was entered into.

The whole arrangement between all the parties turned or hinged upon the fact that Brant had agreed to pay $125, and the plaintiff accepted him for that amount. It would be manifestly unjust to compel the defendant to pay the debt of Brant.

It is said the defendant stood by and saw the improvements constructed, and, therefore, in equity should pay therefor because its property has been enhanced in value. This is only parly true. The defendant knew the improvements were being constructed, but it had been agreed how and by whom the same should be paid for before the same were commenced. The contract should, and can, only be enforced. There is nothing independent of the contract to invoke the aid of equity.

REVERSED. .